IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROGERS GROUP, INC.                                                                                           PLAINTIFFS

VS.                                                                                                       CASE NO: 3:12-CV-21

WG CONSTRUCTION COMPANY, INC.
L&D MATERIALS, LLC, THOMAS J.
WALTER, and MICHAEL GOWDY                                                                        DEFENDANTS

## ORDER DENYING MOTION TO DISMISS

This cause comes before the court on the defendant's motion to dismiss in favor of abstention or alternatively pursuant to rule 12(b)(6) for failure to state a claim and comply with the particularity requirements of 9(b). The plaintiff has responded in opposition. The court has reviewed the parties' submissions and is prepared to rule.

On December 10, 2010, Rogers Group Inc. (RGI) contracted to purchase business assets from WG Construction Company, Inc. (WG) and L&D Materials (L&D). An amended asset purchase agreement (APA) was executed on February 15, 2011. The sale included construction equipment; leases; personal property; ongoing construction contracts; asphalt plants in Union, Tippah, and Prentiss Counties; and two sand and gravel operations in Panola and Tishomingo counties in Mississippi. The contract price totaled $6,860,952.39 dollars, and $6,260,952.39 of that was paid out at closing. Defendants were to receive the remaining $600,000 in consulting fees during the following three years.

Prior to RGI filing its complaint in this court on February 24, 2012, WG brought suit in the Circuit Court of Tippah County, Mississippi on September 29, 2011 alleging a breach of the same agreement. WG seeks $50,000 in damages in that action for RGI's failure to pay monies held in escrow at closing. The claims before this court involve more extensive allegations of

1

breach of contract, misrepresentation, and tortious breach of contract. RGI uncovered several violations of the purchase agreement subsequent to closing which lead it to commence this action seeking more than $500,000 in damages for the alleged breaches. WG now moves for dismissal arguing that it is proper for this court to abstain under the *Colorado River* doctrine, and alternatively the claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). RGI has opposed the motion on both grounds and requested leave to amend its complaint under Rule 15(a)(2) should the court find it necessary to do so.

Abstention is meant to be a narrow exception to the court's duty to adjudicate a controversy in which it has proper jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). A district court should not abstain absent some important countervailing state interest. *Id*. at 814. The *Colorado River* doctrine only applies to parallel federal and state court actions which are not necessarily identical but involve substantially the same issues and parties. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). District courts must point to exceptional circumstances favoring abstention, and as a balancing test the Supreme Court has set out the following six factors: (1) jurisdiction assumed over any real property by either court, (2) inconveniences relative to each forum, (3) avoidance of piecemeal litigation, (4) order in which the courts obtain jurisdiction, (5) to what extent does federal law control, and (6) sufficiently protecting the rights of the party invoking federal jurisdiction *Id*. These factors are applied as a balancing test weighted heavily in favor of federal adjudication. *Id*. at 492.

When the federal and state courts have not retained jurisdiction over some real property, the Supreme Court and Fifth Circuit hold this first factor weighs against abstention. *Id*. The second factor is based on the doctrine of *forum non conveniens*, so the question is not which is

more convenient for either party but whether the federal forum poses a great enough hardship to warrant abstention. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190-91 (5th Cir. 1988). Regarding piecemeal litigation, *Colorado River* abstention is concerned with avoiding conflicting and inconsistent outcomes. *See Colorado River Water Conservation Dist.*, 424 U.S. 800. Courts must consider the progression of both actions and not simply which one was first to be filed. *Stewart*, 438 F.3d at 492-93; *Murphy v. Uncle Ben's Inc.*, 168 F.3d 734, 738 (5th Cir.1999). In the absence of any federal law question, abstention is still befitting only in rare and exceptional instances. *Black Sea Inv., v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000). Abstention is only favored by this fifth factor when the court finds a compelling reason not to exercise federal jurisdiction. *Id*. The sixth factor concerns protecting the rights of the party seeking a federal forum and can only be neutral or weigh against abstention. *Evanston*, 844 F.2d at 1193.

WG's state action is not sufficiently parallel to RGI's suit in this court. Both cases arise out of the same contractual relationship, but the courts are not simultaneously litigating the same claims. Additionally, L&D Materials, Thomas J. Walter, and Michael Gowdy are not in the circuit court case. The only issue raised there is RGI's failure to pay the $50,000 held in escrow to provide for repairs to the Booneville asphalt plant. Even if these cases were more comparable, the *Colorado River* factors do not adequately favor deferring to the circuit court. Neither court has retained jurisdiction over any real property. The two forums are within the northern district of Mississippi and roughly 60 miles apart. There is no danger of conflicting results because none of the issues are being simultaneously litigated. The circuit court case has not progressed past the filing of the complaint and has a pending motion to enforce an agreement to dismiss. Although RGI brought its purely state law claims under diversity jurisdiction, WG has not pled anything

evidencing rare or exceptional circumstances that would favor abstention. Last, the circuit court could provide adequate protection of rights if all parties and claims were before it. However this can be at most a neutral factor and is insufficient to warrant abstention on its own. For the foregoing reasons, the defendant's motion to dismiss is denied as to the *Colorado River* doctrine.

Next, in ruling on the defendant's 12(b)(6) motion, the court must determine whether RGI's complaint satisfies the general Rule 8 pleading standards and the particularity requirements of Rule 9(b).

Review of a motion to dismiss under rule 12(b)(6) requires the court to accept all well pleaded facts as true and construe them in a light most favorable to the plaintiff. *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court's examination is limited to the complaint and any documents attached as well as any documents accompanying the motion to dismiss that reference the complaint. *Id*. The plaintiff must plead enough facts in the complaint to show the court that a legally cognizable claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008). A complaint must contain enough factual content to allow the court to reasonably conclude that the defendant is liable for the alleged misconduct, but even under *Iqbal* detailed factual allegations are not required. *Id.* at 678. Additionally, any claims rooted in fraud or misrepresentation must meet the particularity requirements of rule 9. *Lone Star Fund*, 594 F.3d at 387. Under Rule 9(b), the Fifth Circuit requires the pleadings set forth the time, place, and contents of the false representations as well as the identity of the person who made them. *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). *See also United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180 (5th Cir. 2009). In other words the "who, what, when, where, and how" should be evident. *Id*. In order to claim tortious breach of

4

contract, some intentional wrongdoing, insult, abuse or gross negligence must exist to the extent of constituting an independent tort. *Wilson v. GMAC*, 883 So.2d 56 (Miss. 2004).

The plaintiff's claims for breach of contract and breach of good faith and fair dealing are adequately pled under Rule 8. RGI provided a brief list of actions in its complaint describing how it believes WG is in breach and outlined specific sections of the APA concerning the alleged violations. *See* Complaint, paras. 14-24. As to Count IV, tortious breach of contract, the pleadings fail to significantly identify the intentional or grossly negligent behavior that is tantamount to a separate tort. Accordingly, no basis is provided to justify the imposition of punitive damages.

RGI has not submitted its claim of misrepresentation in accordance with the standards of Rule 9. The complaint briefly references the acts that give rise to the claim, but it does not state specifically who, when, or where the misrepresentations originate. *See* Complaint, para. 24. Paragraphs 35 through 38 reassert misrepresentations involving contract provisions and payments but do not provide any further clarification that is necessary under Rule 9. See. Complaint, paras. 35-38.

Finally, the court considers the plaintiff's request for leave to amend. A plaintiff seeking to amend more than 21 days after serving it can only do so with the courts leave or written consent from the opposing party. Fed. R. Civ. P. 15(a)(2). However, the court should freely give such leave when justice so requires. *Id*. District courts must have a substantial reason to deny a party the opportunity to amend. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Despite the fact that the court can dismiss a claim, it should do so only if the defect is incurable or the party has repeatedly failed to cure when given opportunities to do so. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000).

RGI has shown in its response and attached affidavits its ability to cure any deficiencies in the complaint. No circumstances exist in the instant matter that would require this court to deny RGI the opportunity to amend pursuant to rule 15(a).

ACCORDINGLY, the defendant's motion to dismiss [8] is denied, and the plaintiff is ordered to amend the complaint to comply with Fed. R. Civ. P. 8 and 9(b).

SO ORDERED, on this the 21st day of June, 2012.

>                    /s/ MICHAEL P. MILLS
>                    **CHIEF JUDGE**
>                    **UNITED STATES DISTRICT COURT**
>                    **NORTHERN DISTRICT OF MISSISSIPPI**